# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MICHELLE GRUESBECK, individually and as the representative of a class of similarly-situated persons,

      Plaintiff,

v.

BATCHSERVICE LLC D/B/A BATCHDATA, a Delaware Limited Liability Company,

     and

EQUIMINE INC. D/B/A PROPSTREAM, a California Corporation,

      Defendants.

Civil Action No. 1:26-cv-00808-WJM

**JURY TRIAL DEMANDED**

---

**NOTICE OF CONSTITUTIONAL QUESTION BY DEFENDANT EQUIMINE INC.**

Pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(B), Defendant EquiMine, Inc. ("EquiMine") submits this Notice of Constitutional Question. EquiMine's contemporaneously filed Motion to Dismiss raises First Amendment concerns regarding a provision of Colorado's Prevention of Telemarketing Fraud Act ("PTFA"), Colo. Rev. Stat. § 6-1-304(4)(a)(I).

In the Motion, EquiMine argues that Plaintiff's expansive reading of § 6-1-304(4)(a)(I), which would extend the PTFA's listing prohibition to property-analytics platforms that incidentally display owner contact information, raises serious First Amendment questions. EquiMine invokes the constitutional avoidance canon, *see NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 500 (1979), and urges the Court to adopt a narrower construction of the statute that avoids these constitutional difficulties. EquiMine's Motion to Dismiss argues that Plaintiff's expansive reading of § 6-1-304(4)(a)(I) creates a constitutional infirmity by: (1) suppressing truthful, lawfully obtained information; (2) creating a content-based speech restriction; and (3) triggering heightened First Amendment scrutiny that the State's explicit purpose would fail to satisfy.

Consistent with Rule 5.1(a)(2), EquiMine is serving the Colorado Attorney General on April 16, 2026, via certified mail and electronic mail with this Notice and EquiMine's Motion to Dismiss. Attached as Exhibit A is a copy of the cover letter that will accompany EquiMine's notice.

Under Rule 5.1(c), the Colorado Attorney General has 60 days from the filing of this Notice or the date that the Court certifies this challenge to intervene in this matter, whichever is earlier.

Dated:  April 16, 2026

By: /s/ Matthew Baker
Matthew Baker (*Admitted to Practice*)
California Bar No. 308665
matthew.baker@bakerbotts.com

**Baker Botts L.L.P.**
101 California Street, Suite 3200
San Francisco, CA 94111
(Tel) 415.291.6200
(Fax) 415.291.6364

Tina Q. Nguyen (*Admitted to Practice*)
Texas Bar No. 24078670
Tina.Nguyen@BakerBotts.com

Parker Hancock (*Admitted to Practice*)
Texas Bar No. 24108256
Parker.hancock@bakerbotts.com

**Baker Botts L.L.P**.
910 Louisiana Street
Houston, TX 77002
(Tel) 713-229-1234

*ATTORNEYS FOR DEFENDANT EQUIMINE
INC. D/B/A PROPSTREAM*

- 2 -

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing document is being served this 16th day of April, 2026, on all counsel of record via the Court's CM/ECF system and the client EquiMine Inc. d/b/a Propstream via individual listed below.

Paul Lanagan
Associate General Counsel
paul.lanagan@stewart.com

/s/    Matthew Baker
Matthew Baker

- 3 -

# Exhibit A

**BAKER BOTTS** L.L.P.

| | | |
|---|---|---|
| 101 CALIFORNIA STREET | AUSTIN | NEW YORK |
| SUITE 3200 | BRUSSELS | PALO ALTO |
| SAN FRANCISCO, CALIFORNIA | DALLAS | RIYADH |
| 94111 | DUBAI | **SAN FRANCISCO** |
| | HOUSTON | SINGAPORE |
| TEL  +1 415.291.6200 | LONDON | WASHINGTON |
| FAX  +1 415.291.6300 | | |
| bakerbotts.com | | |

Matthew R. Baker
TEL +1 415 291 6213
matthew.baker@bakerbotts.com

April 16, 2026

VIA CERTIFIED MAIL AND EMAIL

Attorney General Philip Weiser
Office of the Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
coag@coag.gov

   Re: Gruesbeck v. BatchService LLC et al., No. 1:26-cv-00808-WJM (D. Colo.)

Dear Attorney General Weiser:

Baker Botts represents EquiMine, Inc. in the above-captioned case, in which the plaintiff has brought a putative class action claim under § 6-1-304(4)(a)(I) of Colorado's Prevention of Telemarketing Fraud Act. Pursuant to Federal Rule of Civil Procedure 5.1(a), please find enclosed EquiMine's Notice of Constitutional Question and its Motion to Dismiss.

As detailed in the enclosed Motion, EquiMine contends that Plaintiff's expansive construction of § 6-1-304(4)(a)(I), which would extend the PTFA's listing prohibition to property-analytics platforms, raises serious First Amendment concerns. EquiMine through its motion urges the Court to adopt a narrower statutory construction under the constitutional avoidance canon.

Under Fed. R. Civ. P. Rule 5.1(c), the Attorney General may intervene within 60 days of the filing of the enclosed Notice or the date that the Court certifies this challenge, whichever is earlier.

     Respectfully,

     Matthew Baker
     Baker Botts, L.L.P.