IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00808-WJM-KAS

MICHELLE GRUESBECK, individually and as the representative of a class of similarly situated persons,

      Plaintiff,

v.

BATCHSERVICE LLC, a Delaware Limited Liability Company doing business as BatchData, and
EQUIMINE INC., a California corporation doing business as PropStream,

      Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the parties' **Stipulated Joint Motion to Vacate Pre-Scheduling Conference Deadlines Pending Resolution of Defendants' Motions to Dismiss** [#27] ("Motion"). The parties ask the Court to vacate the pre-scheduling conference deadlines and continue the June 9, 2026 Scheduling Conference "until after ruling" on anticipated, though not yet filed, motions to dismiss. *Motion* [#27] at 1. Additionally, the parties ask the Court to adopt a proposed briefing schedule for those motions to dismiss, with opening briefs due June 11, 2026, and briefing completed by August 13, 2026. *Id*. at 2.

The parties argue that a continuance of the June 9, 2026 Scheduling Conference "will conserve judicial and party resources" because the "forthcoming motions to dismiss will raise issues that, if resolved in Defendants' favor, would dispose of the case or substantially narrow its scope." *Id*. at 2-3. For similar reasons, the parties seek to stay deadlines to complete the Rule 26(f) conference, exchange initial disclosures, and submit a proposed scheduling order. *Id*. While Plaintiff states that she does not oppose a stay, she "expressly reserves her right to seek limited discovery on the affirmative matters raised," if any, in Defendants' forthcoming motions and supporting materials. *Id*. at 3.

Because Defendants have not yet filed motions to dismiss in response to the First Amended Complaint [#22], the parties' request to stay the proceedings is premature. The parties have provided no information as to whether the anticipated motions will be based on purported failures to state a claim, raise jurisdictional issues, or both. The Court is generally disinclined to enter stays where the request is based on a pending motion

asserted solely under Fed. R. Civ. P. 12(b)(6), where no issues such as immunity or jurisdiction are at stake. Accordingly,

IT IS HEREBY **ORDERED** that the parties' Stipulated Joint Motion to Vacate Pre-Scheduling Conference Deadlines Pending Resolution of Defendants' Motions to Dismiss [#27] is **GRANTED IN PART**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for June 9, 2026, at 11:30 a.m. is **VACATED** and **RESET** for **July 29, 2026, at 9:30 a.m.**

IT IS FURTHER **ORDERED** that the parties' deadlines to participate in a Rule 26(f) conference, to exchange initial disclosures, and to submit a proposed scheduling order are extended to align with the new date for the Scheduling Conference.

IT IS FURTHER **ORDERED** that the following deadlines apply to the briefing on Defendants' anticipated motions to dismiss:

- Defendants' Motions to Dismiss: June 11, 2026
- Plaintiff's Responses: July 23, 2026
- Defendants' Replies: August 13, 2026

Dated: May 27, 2026

2