# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MICHELLE GRUESBECK, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>BATCHSERVICE LLC D/B/A BATCHDATA, a Delaware Limited Liability Company,<br><br>    and<br><br>EQUIMINE INC. D/B/A PROPSTREAM, a California Corporation,<br><br>    Defendants. | Civ. A. No. 1:26-cv-00808-WJM-KAS<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF CONSTITUTIONAL QUESTION BY DEFENDANT EQUIMINE INC.

Pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(B), Defendant EquiMine, Inc. ("EquiMine") submits this Notice of Constitutional Question. EquiMine's contemporaneously filed Renewed Motion to Dismiss raises a First Amendment question concerning Colorado's Prevention of Telemarketing Fraud Act ("PTFA"), Colo. Rev. Stat. § 6-1-304(4)(a)(I), as Plaintiff seeks to apply that provision in this case.

In the Motion, EquiMine argues that Plaintiff's expansive construction of § 6-1-304(4)(a)(I), which would extend the PTFA's listing prohibition to property-analytics platforms that incidentally display owner contact information, is constitutionally suspect. Specifically, EquiMine contends that Plaintiff's construction would burden truthful, lawfully obtained information, impose a content-based restriction on speech, and trigger strict scrutiny or, at minimum, the heightened scrutiny required by *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011). EquiMine further argues that the Court should avoid those constitutional concerns by construing the statute consistent with its text, structure, and legislative history to reach cell-phone directories and related tools for commercial telephone solicitation.

Consistent with Rule 5.1(a)(2), EquiMine is serving the Colorado Attorney General with this Notice and EquiMine's Renewed Motion to Dismiss by certified mail and electronic mail on June 11, 2026. Attached as Exhibit A is a copy of the cover letter accompanying that service.

Under Rule 5.1(c), the Colorado Attorney General may intervene within 60 days after the filing of this Notice or after the Court certifies the constitutional question, whichever is earlier, unless the Court sets a later time.

- 1 -

Dated:  June 11, 2026

By: */s/ Matthew Baker*
Matthew Baker (*Admitted to Practice*)
California Bar No. 308665
matthew.baker@bakerbotts.com

**Baker Botts L.L.P.**
101 California Street, Suite 3200
San Francisco, CA 94111
(Tel) 415.291.6200
(Fax) 415.291.6364

Tina Q. Nguyen (*Admitted to Practice*)
Texas Bar No. 24078670
Tina.Nguyen@BakerBotts.com

Parker Hancock (*Admitted to Practice*)
Texas Bar No. 24108256
Parker.hancock@bakerbotts.com

**Baker Botts L.L.P**.
910 Louisiana Street
Houston, TX 77002
(Tel) 713-229-1234

*ATTORNEYS FOR DEFENDANT EQUIMINE
INC. D/B/A PROPSTREAM*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of foregoing document is being served this 11th day

of June, 2026, on all counsel of record via the Court's CM/ECF system and the client

EquiMine Inc. d/b/a Propstream via individual listed below.

Paul Lanagan
Associate General Counsel
paul.lanagan@stewart.com


/s/     *Matthew Baker*
                 Matthew Baker

- 3 -