**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

|  |  |
|---|---|
| MICHELLE GRUESBECK, individually and as the representative of a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> BATCHSERVICE LLC D/B/A BATCHDATA, a Delaware Limited Liability Company, <br><br> and <br><br> EQUIMINE INC. D/B/A PROPSTREAM, a California Corporation, <br><br> Defendants. | Civil Action No. 1:26-cv-00808-WJM <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT BATCHSERVICE LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE RULES 12(B)(1) AND 12(B)(6)**

Defendant BatchService LLC d/b/a BatchData ("BatchService"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing Plaintiff Michelle Gruesbeck's ("Plaintiff') First Amended Class Action Complaint ("FAC") in its entirety and with prejudice. In support of this Motion, BatchService states as follows:

**STATEMENT PURSUANT TO WJM REVISED PRACTICE STANDARD III.D.1**

The undersigned counsel certifies that Irene Oria and Frances De La Guardia, counsel for BatchService, conferred with Patrick Solberg, counsel for Plaintiff, on June 9, 2026, regarding the grounds for this Motion and whether any alleged defect could be cured by amendment. Plaintiff is expected to oppose this Motion.

1

## INTRODUCTION

Plaintiff brings this putative class action alleging that BatchService violated the Colorado Prevention of Telemarketing Fraud Act ("PTFA"), Colo. Rev. Stat. § 6-1-304(4)(a)(I), by allegedly "knowingly" listing her cellular telephone number "in a directory for a commercial purpose" without obtaining her "affirmative consent." FAC ¶¶ 1, 3. Plaintiff's sole cause of action rests on the theory that the online property research platform, BatchLeads, constitutes a "directory" of cellular telephone numbers within the meaning of the PTFA, and that aggregating property ownership data—which incidentally contains owners' contact information—amounts to "listing" telephone numbers "for a commercial purpose." FAC ¶¶ 6, 12, 27–28. This theory is legally untenable.

Plaintiff's claims fail as a matter of law for multiple independent reasons. *First*, Plaintiff lacks Article III standing because she has not alleged a concrete and particularized injury-in-fact traceable to BatchService's conduct. *Second*, class-wide statutory penalties are not an available remedy under the Colorado Consumer Protection Act ("CCPA"). *Third*, Plaintiff's expansive reading of the PTFA raises serious First Amendment concerns by seeking to impose liability on the aggregation and publication of publicly available data. *Fourth*, BatchLeads is a property-research workflow platform, not a telephone directory.  The incidental inclusion of contact information within property records does not constitute "listing" a cellular telephone number "in a directory" within the meaning of the PTFA, nor was any such inclusion "for a commercial purpose" as the statute requires. *Fifth*, even if the PTFA were applicable, BatchService qualifies as a publisher and is therefore exempt under the CCPA's publisher exclusion. *Lastly*, and independently dispositive as to BatchService, BatchService transferred the BatchLeads platform

to Defendant Equimine Inc., d/b/a Propstream ("Equimine") on July 1, 2025.  The factual allegations of wrongdoing in the FAC are directed entirely at the post-acquisition period—a period during which BatchService had no ownership of BatchLeads, no control over the platform, and no operational role with respect to any alleged listings on BatchLeads following the sale.  The FAC's conclusory allegations fail to satisfy the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For each of these independent reasons, the FAC should be dismissed with prejudice as to BatchService.

### FACTUAL BACKGROUND

1.  BatchService is a real estate software company that aggregates property, mortgage, transaction, and owner contact information from public records and other sources which information is accessible through the BatchLeads online platform. FAC ¶¶ 12, 17, 18.

2.  BatchLeads is a platform that enables users—primarily real estate investors, agents, and mortgage lenders—to search for properties by address or location. When a user identifies a property of interest, the platform displays a property report containing property ownership details, including the owner's name, physical address, contact information, and transaction history. FAC ¶¶ 6, 22, 23, 31.

3.  On July 7, 2025, Equimine announced its acquisition of the BatchLeads and BatchDialer platforms from BatchService. FAC ¶ 13.

4.  Plaintiff alleges that, as of December 2025—approximately five months after Equimine's acquisition of BatchLeads—her cellular telephone number, along with her name, address, and email, was listed on a property report contained in the BatchLeads database and accessible through the BatchLeads platform. FAC ¶ 47.

5. Plaintiff alleges that as of December 2025, Defendants were displaying a listing for Plaintiff's property in the BatchLeads platform that included multiple telephone numbers, including her cellular telephone number. FAC ¶ 47.

6. Plaintiff alleges that upon "information and belief" her cellular telephone number was contained in BatchService's database and accessible on the BatchDialer platform before Equimine's acquisition of BatchLeads on July 7, 2025. FAC ¶ 49.

7. Plaintiff's allegations do not differentiate between the conduct of BatchService and the conduct of Equimine, even though Equimine acquired and has operated the BatchLeads platform since July 2025. FAC ¶ 13.

8. Plaintiff alleges she has no relationship with Defendants and never provided "affirmative consent" to the listing of her cellular telephone number in their directory. FAC ¶ 8. Plaintiff seeks statutory damages, injunctive relief, and declaratory judgment on behalf of herself and a putative class of Colorado residents. FAC ¶ 10.

## **STANDARD OF REVIEW**

BatchService moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Under Rule 12(b)(1), the Court accepts Plaintiff's allegations as true to assess jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682 (1946). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough factual matter to suggest" each element of the claim. *Twombly*, 550 U.S. at 556. The Court must accept well-pleaded factual allegations as true but is not required to credit "labels and conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. A claim is plausible only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

4

'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has expressly retired the "no set of facts" formulation of the pleading standard from *Conley v. Gibson*, 355 U.S. 41, 45 (1957), calling it "an incomplete, negative gloss" that "has earned its retirement." *Twombly*, 550 U.S. at 562–63. A complaint that pleads facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

## ARGUMENT

**A. BatchService Adopts Certain Arguments Asserted by Equimine in Support of Dismissal of Plaintiff's FAC for Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1) and for Failure to State a Cause of Action Under Fed. R. Civ. P. 12(b)(6).**

BatchService incorporates and adopts by reference the arguments and authorities set forth in Defendant Equimine Inc.'s Motion to Dismiss Plaintiff's First Amended Class Action Complaint filed on June 11, 2026 and all materials submitted in support thereof ("Equimine MTD"). Specifically, BatchService adopts and incorporates Equimine's arguments that: (1) Plaintiff lacks Article III standing because she has not alleged any concrete injury – she does not allege that anyone viewed her number, called her, or caused her any harm (Equimine MTD, at 5-6); (2) statutory penalties are not an available remedy under the CCPA in a class action because § 6-1-113(2.9) limits class recovery to "actual damages" (*id.*, at 6-8); (3) Plaintiff's broad interpretation of the PTFA impermissibly burdens First Amendment rights to aggregate and disseminate publicly available information (*id.*, at 8-11); (4) Plaintiff fails to state a cause of action under the PTFA because the BatchLeads platform does not "list" cellular numbers in a "directory" within the meaning of the statute (*id.*, at 11-13); and (5) BatchService is a publisher exempt under the CCPA. (*id.*, at 13-14). For all these reasons as detailed in the Equimine MTD and incorporated herein, all of which

5

apply with equal force to Plaintiff's claims against BatchService, the Court should dismiss the FAC in its entirety and with prejudice as to BatchService.

**B. Plaintiff Further Fails to State a Cause of Action Against BatchService, LLC Because There is No Plausible Factual Predicate for Holding BatchService Liable for the Alleged Wrongdoing Set Forth in FAC, All of Which Occurred After Equimine's Acquisition of BatchLeads from BatchService in July 2025.**

In addition to the fatal legal deficiencies identified in the Equimine MTD, the FAC fails to state any plausible claim against BatchService for an additional, independently dispositive reason: its factual allegations do not plausibly connect BatchService to the alleged misconduct. Rather than alleging facts demonstrating that BatchService knowingly listed Plaintiff's cellular telephone number for commercial purposes on the BatchLeads platform, the FAC alleges only that BatchService *may have "possibly"* listed or operated the platform after its acquisition. FAC ¶ 49. This falls short of the pleading standard required under Rule 12(b)(6). To survive dismissal, a complaint must contain sufficient well-pleaded, non-conclusory factual allegations to state a claim that is "plausible on its face." Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, at 550 U.S. at 555; *Iqbal* at 678 (claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Threadbare recitals of the elements of a cause of action and conclusory allegations do not suffice. Here, the FAC offers only speculative assertions that BatchService possibly listed Plaintiff's cellular telephone number on the BatchLeads platform. Such allegations establish, at most, a theoretical possibility of liability – not a plausible entitlement to relief. The pleading's deficiency is not merely a temporal gap regarding BatchService's alleged involvement; it is the complete absence of any well-pleaded factual allegations plausibly connecting ***BatchService*** to the challenged conduct and alleged statutory violation.

6

1. **The FAC Forecloses a Plausible Post-Acquisition Claim Against BatchService.**

The FAC alleges only that BatchService "still currently lists" cellular telephone numbers through the BatchService platform. FAC ¶ 12. Yet the FAC simultaneously concedes that Equimine acquired the BatchLeads platform "on or before July 7, 2025" [1] *Id.* at ¶ 13. Plaintiff further alleges that, following the acquisition, BatchService's role was limited to supplying data to Equimine – not operating, maintaining or controlling the BatchLeads platform. *Id.* Thus, the FAC itself forecloses any plausible inference that BatchService knowingly listed Plaintiff's cellular telephone number on the platform after the sale.

The remaining allegations do not fare any better. The FAC attempts to bridge this factual gap by alleging that BatchService "powers the majority of the data" that Equimine serves on its platform. FAC ¶ 21. Even if accepted as well pleaded, that allegation describes, at most, a vendor-customer relationship—supplying data to a buyer—not the statutory act of "list[ing]" data "in a directory." Colo. Rev. Stat. § 6-1-304(4)(a)(I) (imposes liability on the person who "lists a cellular telephone number in a directory for a commercial purpose"). The FAC does not allege that BatchService itself listed Plaintiff's cellular number in BatchLeads after the sale to Equimine. Plaintiff does not—and cannot—allege that BatchService knowingly maintained, controlled, approved, or caused any listing of her telephone number after the divestiture, because BatchService

---

[1] In fact, Equimine acquired BatchLeads "as of July 1, 2025." Press release, Digital Journal, PropStream, a Stewart Information Services Corporation (NYSE:STC) company, Acquires BatchLeads and BatchDialer Products to Expand Their Technology Offerings; BatchData Sharpens Focus on APIs Powering (July 8, 2025) https://www.digitaljournal.com/pr/news/binary-news-network/propstream-stewart-information-services-corporation-1358974786.html.
BatchService requests this Court take judicial notice of this Press Release under Fed. R. Evid. 201(b)(2) (The court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned). *See, e.g., United States v. Dish Network, L.L.C.,* 2015 WL 9481571, at *3 (C.D. Ill. Dec. 7, 2015) ("this Court can take judicial notice of … press releases").

no longer owned or controlled the platform or how Equimine accessed, operated, or displayed the data. That omission is independently fatal because the PTFA requires a "knowing" violation, and Colorado courts construe "knowingly" to require actual knowledge. *Przekurat ex. rel Przekurat v. Torres*, 2018 CO 69, ¶ 15, 428 P.3d 512, 516, *citing State ex.rel. Suthers v. Mandatory Poster Agency, Inc.*, 260 P.3d 14 (Colo. App. 2009) (interpreting "knowingly" in CCPA to require actual knowledge).

Similarly, Plaintiff's allegations that BatchService maintains an "in-house data science team" and conducts "proprietary research," are allegations that concern BatchService's internal data capabilities, not whether it *knowingly* listed Plaintiff's cellular telephone number in a commercial directory. FAC ¶ 23. Plaintiff also alleges that Equimine charges subscription fees and operates the platform for commercial purposes, yet those allegations relate exclusively to the post-acquisition operation of BatchLeads by Equimine, not BatchService. *Id.* ¶ 36. As conceded in the FAC, BatchService's post-sale involvement is limited to selling data and it is not involved in a consumer-facing directory. *See* FAC ¶¶ 21, 23.

### 2. Plaintiff's Pre-Acquisition Database Allegation Is Speculative and Does Not Plead a Knowing Commercial Listing.

The FAC is also internally inconsistent. On the one hand, Plaintiff alleges that her identity was "used" on the BatchLeads platform in December 2025—approximately five months after Equimine acquired the platform. FAC ¶ 47. Then, on the other hand, Plaintiff merely alleges her "belief" that her cellular telephone number "was contained in BatchService's database" before Equimine's acquisition. *Id.* ¶ 49. That allegation is based entirely on speculation and does not plausibly allege that BatchService listed Plaintiff's number in a directory for a commercial purpose before the acquisition. At most, Plaintiff alleges the possibility that her information existed somewhere within BatchService's historical data. More significantly, the FAC fails to allege that

any of the alleged pre-acquisition conduct happened. Rather, Plaintiff simply alleges a possible inclusion of her information in a database, however, that is not equivalent to knowingly listing a cellular telephone number in a commercial directory as required by the PTFA. Even if the allegation is true — that the BatchService database might have contained her number prior to the sale — this does not equate to a *knowing* violation under the PTFA, *i.e.*, the listing of her number in a directory for commercial purposes. Plaintiff must plead facts making BatchService's own liability plausible, not merely possible. *Iqbal,* 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555, 570; *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). Additionally, the PTFA requires that the listing be done for a commercial purpose.  Even if Plaintiff's number was part of BatchService's data prior to the sale, the data aggregation activities alleged do not allege knowledge by BatchService that it was listing numbers in a directory for a commercial purpose. Simply put, the speculative allegations of the FAC fail to satisfy Rule 12(b)(6).

A complaint must contain sufficient factual matters to state a claim that is plausible on its face; allegations that suggest only the possibility of misconduct are insufficient. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678–79. Plaintiff has not alleged a single non-conclusory fact establishing that BatchService ever listed Plaintiff's cellular telephone number in a directory for commercial purposes, either before or after the July 2025 sale. Instead, Plaintiff asks the Court to infer liability from her own unsupported belief that the information may have appeared in BatchService's database before the acquisition. Such conjecture cannot satisfy federal pleading standards. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (a plaintiff may not rely on speculation or conjecture to fill gaps in a pleading).

3. **BatchService's Alleged Supply of Data to Equimine Does Not Constitute "Knowingly" "Listing" a Cellular Telephone Number in a Directory.**

Nor can Plaintiff avoid dismissal by attempting to impose liability based on BatchService's alleged post-acquisition relationship with Equimine. Even accepting as true the allegation that BatchService "powers the majority of the data" used by Equimine, supplying data to a customer does not constitute "knowingly" listing a cellular telephone number "in a directory for a commercial purpose." FAC ¶ 21. At most, the FAC alleges that, following the sale of the BatchLeads platform, BatchService continued to provide data to Equimine. But selling or licensing data to a customer is fundamentally different from operating, maintaining, or controlling the directory in which that data ultimately appears. The alleged post-acquisition support by BatchService does not equate to operation or control of what is listed or accessible in the BatchLeads platform. Even if BatchService knew that Equimine used the purchased data for a particular purpose, such knowledge does not establish that BatchService itself "knowingly lists" cellular telephone numbers or exercises control over the contents of Equimine's directory. Once BatchService sold the BatchLeads platform, it relinquished ownership and operational control over the platform and its public-facing listings contained therein. The PTFA imposes liability on the entity that *knowingly* lists cellular telephone numbers in a directory—not on an upstream data vendor that merely provides information to the platform owner. Plaintiff's contrary theory would improperly expand the statute to impose liability on any entity that supplies information later incorporated into another company's directory, regardless of whether the supplier controls or publishes the directory itself.

Ultimately, Plaintiff's theory leaves only two possibilities. If the alleged wrongful listing occurred after July 7, 2025, as the Complaint alleges, then any such conduct was undertaken by Equimine, not BatchService. If Plaintiff instead seeks to impose liability for pre-acquisition

conduct, she must plead specific, non-conclusory facts establishing that BatchService knowingly listed her cellular telephone number in a directory for a commercial purpose before the sale of the platform. The FAC does neither. Because it alleges only speculation rather than plausible facts connecting BatchService to the alleged violation, the claims against BatchService should be dismissed.

4. **Mere Inclusion of Information in a Property Database Does Not Constitute "Knowingly" Listing a Cellular Telephone Number in a Directory Under the PTFA.**

Plaintiff alleges that the challenged "use" of her identity on the BatchLeads platform occurred specifically in December 2025—five months *after* Equimine acquired the platform. FAC ¶ 47. At the same time, Plaintiff alleges only her "belief" that her cellular telephone number "was contained in BatchService's database. . . before Equimine's acquisition of BatchLeads." FAC ¶ 49. As previously noted, that allegation is entirely speculative and insufficient to state a plausible claim under the PTFA.

Even if Plaintiff's allegation were accepted as true, the mere existence of her name or cellular telephone number in the BatchLeads database before the sale of the platform does not establish a statutory violation under the PTFA, i.e., the listing of her number in a directory for a commercial purpose. The PTFA prohibits "knowingly" listing a cellular telephone number "in a directory for a commercial purpose," not merely storing or maintaining information in an internal database. Colo. Rev. Stat. § 6-1-304(4)(a)(I). Mere inclusion of information in a database is not enough. As Equimine demonstrates in its MTD, the BatchLeads platform is organized around properties, not people, and any phone number appears only as a downstream incident of property research. (Equimine MTD, at 6, 12). Plaintiff's FAC itself concedes that the platform "enables users to 'identify and engage property owners'" through property searches—not through searches

by phone number or name. FAC ¶ 6. The automated compilation of publicly sourced property records that incidentally contain contact information is not the "knowing" act of "listing" cellular telephone numbers "in a directory" that the statute proscribes.

Moreover, Plaintiff asks the Court to infer from her unsupported "belief" that her cellular telephone number must have been listed in violation of the PTFA at some earlier, unidentified point in time. Such speculation falls far short of the pleading standard established by *Iqbal*. The Supreme Court has made clear that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Asking the Court to infer a "possibility" because Plaintiff "believes" that her cellular number was listed in violation of the PTFA at an earlier time than alleged does not satisfy applicable pleading standards.

In short, the FAC alleges no facts plausibly showing that BatchService held itself out or listed Plaintiff's cellular telephone number in a public directory after the sale of the BatchLeads platform to Equimine. At best, the FAC alleges that BatchService supplied data to Equimine. But supplying data to a third party is not the statutory act of "knowingly" listing a cellular telephone number "in a directory for a commercial purpose." Accordingly, Plaintiff has failed to state a claim against BatchService, and the claims against it should be dismissed.

C. **Dismissal As to BatchService Should Be With Prejudice.**

This Court should dismiss the FAC with prejudice as to BatchService because the defects in Plaintiff's claims are legal, not factual, and cannot be cured through further amendment. Although leave to amend is generally liberally granted, it may be denied for repeated failure to cure pleading deficiencies or where amendment would be futile. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). An amendment is futile if the amended complaint would still be subject to dismissal. *See Brereton v. Bountiful City Corp.*,

12

434 F.3d 1213, 1219 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").  Here, Plaintiff has already amended once and still cannot plead around the dispositive legal barriers; further leave to amend would therefore be futile.

Those barriers are not technical pleading omissions.  Plaintiff's theory requires treating a property-research platform as a PTFA "directory" and treating the incidental aggregation of publicly available owner-contact information as the knowing commercial listing of a cellular telephone number.  That theory fails as a matter of statutory construction. Additional facts cannot convert BatchLeads into the type of directory regulated by the PTFA or convert automated data aggregation of publicly available property information into the knowing listing the act prohibits. BatchService also has an independent, defendant-specific basis for dismissal with prejudice: it sold the BatchLeads platform to Equimine before the alleged conduct occurred.  Because BatchService no longer owned or controlled the platform, Plaintiff cannot plausibly allege that BatchService "knowingly" listed Plaintiff's cellular number during the relevant period. Nor could another amendment cure the First Amendment, statutory interpretation, and other constitutional defects raised in the Equimine MTD, which equally defeat the same claims and theories asserted against BatchService.

Dismissal with prejudice is therefore warranted. The FAC's defects are structural and incurable, not the product of missing factual allegations, and Plaintiff has already had an opportunity to amend. The Court should dismiss the FAC with prejudice as to BatchService.

13

## CONCLUSION

For the foregoing reasons, Defendant BatchService LLC, d/b/a BatchData respectfully requests that this Court dismiss Plaintiff's First Amended Class Action Complaint against it in its entirety and with prejudice and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

PIERSON FERDINAND, LLP

By: /s/ *Howard E. Panensky*
Howard Panensky
1270 Avenue of the Americas
7th Floor – 1050
New York, NY 10020
Tel: (551) 298-5043
Email: Howard.Panensky@pierferd.com

Irene Oria
(*Application for Admission Forthcoming*)
333 SE 2nd Ave., Suite 2000
Miami, FL 33131
Email: Irene.Oria@pierferd.com

Frances De La Guardia
(*Application for Admission Forthcoming*)
333 SE 2nd Ave., Suite 2000
Miami, FL 33131
Tel: (305) 712-4385
Email: Frances.Delaguardia@pierferd.com

**ATTORNEYS FOR DEFENDANT
BatchService LLC, d/b/a BatchData**

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, I caused a true and correct copy of the foregoing Defendant BatchService LLC's Motion to Dismiss Class Action Complaint to be served upon all counsel of record via the Court's CM/ECF system.

By: /s/ *Howard E. Panensky*
Howard Panensky
1270 Avenue of the Americas
7th Floor – 1050
New York, NY 10020
Tel: (551) 298-5043
Email: Howard.Panensky@pierferd.com

Irene Oria
(*Application for Admission Forthcoming*)
333 SE 2nd Ave., Suite 2000
Miami, FL 33131
Email: Irene.Oria@pierferd.com

Frances De La Guardia
(*Application for Admission Forthcoming*)
333 SE 2nd Ave., Suite 2000
Miami, FL 33131
Tel: (305) 712-4385
Email: Frances.Delaguardia@pierferd.com

**CERTIFICATION ON USE OF**
**GENERATIVE ARTIFICIAL INTELLIGENCE**

The undersigned counsel certifies that generative artificial intelligence—specifically, Harvey- was used to draft this filing. I further certify that BatchService was advised of and consented to such use. All cited authority was manually reviewed by counsel of record.

By: /s/ *Howard E. Panensky*
Howard Panensky
1270 Avenue of the Americas
7th Floor – 1050
New York, NY 10020
Tel: (551) 298-5043
Email: Howard.Panensky@pierferd.com

Irene Oria
(*Application for Admission Forthcomin*g)
333 SE 2nd Ave., Suite 2000
Miami, FL 33131
Email: Irene.Oria@pierferd.com

Frances De La Guardia
(*Application for Admission Forthcoming*)
333 SE 2nd Ave., Suite 2000
Miami, FL 33131
Tel: (305) 712-4385
Email: Frances.Delaguardia@pierferd.com

16